James E. Lownsdale, Bradenburg & Lownsdale, St. Louis, for Appellant.

Thomas Bell, Michael C. Margherio, Amelung, Wulff & Willenbrock, P.C., St. Louis, for Respondent.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

Mark Mueller (Mueller) appeals from the Labor and Industrial Relations Commission's

**Diane and Samantha GERING, a minor, and through her next friend, Diane Gering, Respondents,**

v.

**Scott and Linda WALCOTT, Appellants.**

**No. WD 54858.**

Missouri Court of Appeals,
Western District.

Sept. 15, 1998.

Gwendolyn Sue Froeschner, Columbia, for appellants.

Matthew Woods, Columbia, for Respondents.

HANNA, Presiding Judge.

Scott and Linda Walcott contend that the trial court abused its discretion in denying their motion to set aside a judgment entered against them in the circuit court of Boone County. They claim that their motion met the requirements of Rule 74.05(d). Thus, they argue that they should have been granted a new trial.

The underlying facts are that on November 18, 1994, while Linda Walcott was baby-sitting Samantha Gering, Samantha went into convulsions. Samantha was taken to the emergency room, hospitalized, and later diagnosed with shaken baby syndrome. As a result, Samantha has suffered cerebral palsy and permanent blindness.

Criminal charges were filed against Linda Walcott, but were eventually dismissed. The state then initiated proceedings to review Linda Walcott's daycare license which, ultimately, she retained.

On February 8, 1995, Diane Gering (as her mother and the next friend of Samantha Gering) filed a petition for civil damages against Linda Walcott and her husband, Scott Walcott, for Samantha's injuries. The Walcotts obtained counsel, and filed a timely answer to the petition. However, the Wal-

cotts' counsel was permitted to withdraw on August 19, 1996.

On October 8, 1996, the Gerings amended their petition to ask for punitive damages. A trial date was set for January 30, 1997. The Walcotts did not appear, and the trial court heard the Gerings' evidence. Subsequently, the trial court noticed that proper service of the amended petition had not been made on the Walcotts and, accordingly, gave the Gerings 30 days to obtain proper service. The Walcotts were served but again they did not respond. On May 15, 1997, the trial court heard evidence and entered judgment against the Walcotts in the amount of $1,000,000 in actual damages and $200,000 in punitive damages.

On August 12, 1997, the Walcotts filed a motion, with accompanying affidavits, to set aside the judgment. A hearing was held on August 25, 1997, and the motion was denied on August 28, 1997.[1] The Walcotts' sole point on appeal is that their motion stated a meritorious defense, that it was filed within a reasonable amount of time, and that their conduct was not designed to impede the judicial process. The Walcotts' argument bearing on good cause is that they lacked the financial means to afford counsel. In their motion to set aside the default judgment, regarding the question of "good cause," the Walcotts asserted that:

> Defendants have very meager financial means and were unable to afford counsel to represent them or experts to testify in their behalf in the civil action brought by plaintiffs against them. As the case was coming to jury trial and defendants could not afford to defend, original counsel was forced to withdraw.

■ A motion to set aside judgment is governed by the sound discretion of the trial court. *Estep v. Atkinson,* 886 S.W.2d 668, 675 (Mo.App.1994). We will only interfere

with that discretion if the record convincingly demonstrates abuse. *Id.* (citations omitted). "A default judgment will not be set aside on appeal unless the requisite showing is so clearly apparent that the refusal to set aside is arbitrary." *Robson v. Willers,* 784 S.W.2d 893, 894–95 (Mo.App.1990).

■ Initially, the parties disagree as to the proper standard for setting aside the judgment. The Missouri Rules of Civil Procedure provide three procedural methods (contained in Rules 75.01, 74.05, and 74.06) by which the trial court can set aside a judgment. *Cotleur v. Danziger,* 870 S.W.2d 234, 236 (Mo. banc 1994). *See also Estep,* 886 S.W.2d at 673. The parties agree that Rule 75.01 is not applicable.

The Walcotts filed their motion to set aside pursuant to Rule 74.05, which states that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, ... a default judgment may be set aside." Rule 74.05(d). The Walcotts claim that this standard should have been applied by the trial court in considering their motion, because the rule is applicable to default judgments rendered against "a party against whom a judgment for affirmative relief is sought" and who "has failed to plead or otherwise defend" the case. Rule 74.05(a).

■ In contrast, the Gerings maintain that Rule 74.06 should have been applied because the judgment against the Walcotts was on the merits and not a default judgment.[2] Rule 74.06(b) allows relief for the following reasons: mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation, or other misconduct; when the judgment is irregular or void; when the judgment has been satisfied, released, discharged, or a prior judgment upon which it is based has been reversed; or when it is no longer equitable that the judgment remains in force. The Supreme Court held that the latter rule re-

---

**1.** The trial court's order did not indicate upon which Rule of Civil Procedure its decision was based.

**2.** The Gerings assert that Missouri law provides that if an answer is necessary to respond to a petition, but is not filed, the plaintiff has the option of obtaining a default judgment or, in the alternative, proceeding to trial as if an answer

had been filed. See Estep v. Atkinson, 886 S.W.2d 668, 673 (Mo.App.1994)(holding that "when an answer is required but not filed, if a cause is tried as if an answer had been filed, on appeal the matter is treated as if an answer traversing the allegations of the petition was filed.") (citations omitted).

quires a higher standard for setting aside a judgment. *Cotleur,* 870 S.W.2d at 236. Irrespective of whether the judgment was based on the merits, or was a default judgment, applying the less strict standard of Rule 74.05(d), as urged by the Walcotts, we conclude that the proof fails to establish good cause.

 Rule 74.05(d) requires the "assertion of sufficient facts to constitute both a meritorious defense and good cause shown." *H.J.I. by J.M.I. v. M.E.C.,* 961 S.W.2d 108, 118 (Mo.App.1998). Since "these conditions are in the conjunctive ... if good and reasonable cause for the default is not ... established, the trial court does not abuse its discretion by failing to set aside the judgment." *Robson,* 784 S.W.2d at 896. "Good cause shown" encompasses conduct not intentionally or recklessly designed to impede the judicial process, Rule 74.05(d), and a "movant must be free from negligence in order to have a reasonable excuse for allowing a default judgment to occur." *Id.* (citing *Rice v. Rice,* 757 S.W.2d 644, 645 (Mo.App. 1988)).

The *Robson* court applied these guidelines to two movants, one who asserted that "he paid no attention to the summons because he was busy, had family troubles and didn't understand the meaning of default judgment," and the other who ignored the summons because "she had not had anything to do with the funds in question and didn't understand the summons." 784 S.W.2d at 896. Since they "simply decided to ignore the suit," the trial court was obligated to deny the motion as the "default judgment was the product of appellants' own negligence and careless attitude toward the petition and summons." *Id.*

In *Boatmen's First Nat. Bank v. Krider,* the evidence showed that there was no mistaken belief by the movant that the summons required her appearance, and therefore, the court determined that her failure to appear "was intentionally, or a least recklessly designed to impede the judicial process." 844 S.W.2d 10, 12 (Mo.App.1992). *See also Smiley v. Cardin,* 655 S.W.2d 114, 116 (Mo.App.1983)(ruling that "carelessly forgetting he had been sued does not constitute good reason or valid excuse for the default."); *Davis v. Moore,* 610 S.W.2d 665, 671 (Mo.App.1980)(finding that a movant who "chose to ignore the entire matter until the default judgment was entered against him" failed to set forth a reasonable excuse for setting aside the default.)

The result here was that the Walcotts ignored the litigation pending against them. They did not seek an alternative solution, nor did they attempt to represent themselves. Importantly, they did not inform the court of their situation. There are a number of measures that were available to the Walcotts, short of ignoring the case.

By failing to respond in any manner, the Walcotts intentionally and recklessly impeded the judicial process. Their conduct consisted of a conscious choice to ignore the litigation and, as such, amounted to reckless behavior. As this court stated in *Robson:* "Appellants simply decided to ignore the suit ... [and therefore] the default judgment was the product of appellants' own negligence and careless attitude toward the [lawsuit]." 784 S.W.2d at 896 (Mo.App.1990). "If ... a litigant chooses to ignore or act in reckless disregard of the rules and procedures set out for the orderly administration of the judicial process, he cannot then be heard to complain when he receives no relief under its rules, particularly Rule 74.05(d)." *In re Crowe v. Clairday,* 935 S.W.2d 343, 346 (Mo.App. 1996).

 Although the discretion to not set aside a default judgment is narrower than the discretion to set aside a default judgment, *H.J.I. by J.M.I.,* 961 S.W.2d at 118, we cannot fault the trial court for not setting aside its judgment, where the litigants failed to appear when summoned to do so, ignored the case, and then requested that they be granted a new trial when they were dissatisfied with the outcome of the case. Thus, we hold that the trial court's denial of the Walcotts' motion was not an abuse of its judicial discretion, as the ruling was not "clearly against the logic of the circumstances then before it and [was not] so arbitrary and unreasonable as to shock the sense of justice

and indicate a lack of careful consideration." *Estep,* 886 S.W.2d at 675.

Judgment affirmed.

BRECKENRIDGE and LAURA DENVIR STITH, JJ., concur.