Chandra Kay DOZIER, Respondent,

v.

Michael Joseph DOZIER, Appellant.

No. WD 66669.

Missouri Court of Appeals,
Western District.

May 9, 2007.

dant." *McKee,* 826 S.W.2d at 28 (internal quotation omitted).

Chandra Kay Dozier, Gladstone, respondent pro se.

Sharlie Pender, Independence, for appellant.

Before SMART, P.J., and SMITH and HARDWICK, JJ.

EDWIN H. SMITH, Judge.

Michael Joseph Dozier appeals from the denial of his Rule 74.05[1] motion to set aside the default judgment of the Circuit Court of Clay County, dissolving his marriage to the respondent, Chandra Kay Dozier, and awarding the parties joint legal custody and the respondent sole physical custody of the parties' three unemancipated minor children.

The appellant raises one point on appeal. He claims that the trial court erred in denying his Rule 74.05 motion to set aside the trial court's default judgment, awarding, *inter alia*, the respondent sole physical custody of the parties' three children, because his motion stated facts constituting a meritorious defense to the respondent being awarded sole physical custody of the parties' children and facts constitut-

ing good cause for his failing to timely file an answer to the respondent's petition.

We affirm.

## Facts

The parties were married on August 17, 1991, in Lee's Summit, Jackson County, Missouri. Three children were born of the marriage: David M. Dozier, born December 21, 1992; Ariel N. Dozier, born March 1, 1995; and Sabrina J. Dozier, born March 12, 1996.

The parties separated on April 16, 2004. The respondent filed a petition for dissolution of marriage in the Circuit Court of Clay County on September 28, 2005. In her petition, she requested, *inter alia*, that the parties be awarded joint legal custody and that she be awarded sole physical custody of the parties' three children. She alleged that the children had been in the appellant's care, custody, and control since July 11, 2005. On October 29, 2005, the appellant was served by special process server, who left a copy of the summons and petition at his residence with his mother.

The appellant did not file a timely answer to the respondent's petition, and on February 15, 2006, the trial court entered a default judgment, dissolving the parties' marriage, and awarding the parties joint legal custody and the respondent sole physical custody of the parties' children. That same day, the appellant filed a motion for leave of court to file an answer to the respondent's petition out of time, his answer, and a cross-petition for dissolution of marriage. In his answer and cross-petition, he requested that he be awarded sole legal and physical custody of the parties' three children.

---

1. All references to Rule 74.05 are to Rule 74.05, Missouri Rules of Civil Procedure, 2006, unless otherwise indicated. This is so in that the present version of Rule 74.05, Missouri Rules of Civil Procedure, 2007, amending the prior version, did not take effect until January 1, 2007, while this case was on appeal.

On February 16, 2006, the appellant filed a motion to set aside the default judgment. There were no affidavits or other documents filed in support of the motion. On February 27, 2006, the respondent filed her response in opposition to the appellant's motion. That same day, the motion was taken up, heard, and denied.

This appeal follows.

## Standard of Review

■ When we "consider an appeal that involves the denial of a motion to set aside a default judgment under Rule 74.05(d), the appeal properly lies from the court's denial of the motion and not from the default judgment itself." *Martin v. Martin*, 196 S.W.3d 632, 635 (Mo.App. 2006). The record reflects in this case that the appellant filed his motion to set aside the trial court's default judgment before the underlying default judgment became final, pursuant to Rule 81.05(a). In that circumstance, this court held in *McElroy v. Eagle Star Group Inc.*, 156 S.W.3d 392, 400 (Mo.App.2005), our review is for an abuse of discretion. However, the Southern District held in *In re Marriage of Coonts*, 190 S.W.3d 590, 603–04 (Mo.App.2006), that regardless of when the motion is filed, it is an independent action subject to review under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. *banc* 1976). After both *McElroy* and *Coonts* were decided, the Missouri Supreme Court amended Rule 74.05(d), effective January 1, 2007, to provide, in pertinent part: "A motion filed under this Rule 74.05(d), *even if filed within 30 days after judgment*, is an independent action and not an authorized after-trial motion subject to Rule 78.04 or Rule 78.06." (Emphasis added.) Clearly, the current version of Rule 74.05(d) sides with *Coonts* and because our review is under that version of the rule, our review

here is pursuant to *Murphy v. Carron*, such that we will affirm the trial court's denial of the appellant's motion to set aside its default judgment for the respondent unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declared or applied the law. 536 S.W.2d at 32.

■ Because the law does not favor default judgments, trial courts "are allowed greater discretion in granting a motion to set aside a default judgment than in denying such motions." *Martin*, 196 S.W.3d at 635. "Thus, appellate courts are more likely to reverse a judgment which fails to set aside a default judgment than one which grants that relief. This is because of the law's distaste for default judgments and its preference for trials on the merits." *Heintz Elec. Co. v. Tri Lakes Interiors, Inc.*, 185 S.W.3d 787, 791 (Mo. App.2006) (quotation marks and citations omitted).

■ The law's distaste for default judgments is even stronger in dissolution cases involving child custody. *Reed v. Reed*, 48 S.W.3d 634, 639 (Mo.App.2001) (*overruled, in part, and on other grounds by McElroy*, 156 S.W.3d at 401). The court's discretion is restricted in an action involving the dissolution of marriage because "there is practically no such thing as a divorce decree by confession and . . . because of the state's interest in the welfare of the parties." *Id.* In cases of dissolution where child custody is concerned, "strict rules pertaining to the setting aside of such judgments are less rigorously applied." *Brooks v. Brooks*, 800 S.W.2d 468, 470–71 (Mo.App.1990). When child custody is concerned, "the welfare of the child becomes paramount and the trial court's discretion is more narrowly bounded." *Cutter–Ascoli v. Ascoli*, 32 S.W.3d 167, 169 (Mo.App.2000). "Because the adversarial process better protects the child's interests

in a custody proceeding, default judgments in custody cases are strongly disfavored and a refusal to set aside such a judgment is reviewed with heightened scrutiny." *Id.*

## I.

In his sole point on appeal, the appellant claims that the trial court erred in denying his Rule 74.05 motion to set aside the trial court's default judgment, awarding, *inter alia,* the respondent sole physical custody of the parties' three children, because his motion stated facts constituting a meritorious defense to the respondent being awarded sole physical custody of the parties' children and facts constituting good cause for his failing to timely file an answer to the respondent's petition. Specifically, as to a meritorious defense to the respondent's request for sole physical custody of the parties' children, he claims that the facts alleged in his motion demonstrated that such an award was not in their best interests in that for the year immediately preceding the filing of the respondent's petition, the children had been living with him. As to "good cause" for his failing to timely file an answer to the respondent's petition, he claims that the facts alleged in his motion demonstrated that "he had financial problems that hindered his ability to engage the services of an attorney."

As to when a default judgment may be set aside, Rule 74.05(d) provides:

Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

Rule 74.05(d), by its express terms, requires a motion to set aside a default judgment to state facts constituting both a meritorious defense and good cause. *McElroy,* 156 S.W.3d at 403. "When deciding whether a moving party has complied with the pleading requirements of Rule 74.05(d), courts examine the allegations set forth in the motion to set aside the default judgment and consider the contents of any accompanying materials such as affidavits, exhibits, and proposed answers." *Id.*

Because the prerequisites of Rule 74.05(d) for setting aside a default judgment, a "meritorious defense" and "good cause," are stated in the conjunctive, a default judgment is to be set aside only if the movant alleges facts in his motion that establish both of the prerequisites. *Doe v. Hamilton,* 202 S.W.3d 621, 623 (Mo.App. 2006); *In re Marriage of Williams,* 847 S.W.2d 896, 899 (Mo.App.1993). Hence, even if a motion to set aside a default judgment states facts constituting a meritorious defense, if it does not also state facts constituting good cause, or *vice versa,* the motion cannot succeed. *In re Marriage of Williams,* 847 S.W.2d at 899. As such, on appeal of the denial of a motion to set aside a default judgment, if the appellate court finds that the motion failed to state facts constituting either a meritorious defense or good cause, it must affirm. *Id.* Here, because we find that the appellant's motion to set aside the trial court's default judgment, awarding, *inter alia,* the respondent sole physical custody of the parties' children, failed to state facts con-

stituting good cause for his failing to timely file an answer to the respondent's petition, requiring us to affirm the trial court's denial of his motion, we need not decide whether it also stated facts constituting a meritorious defense to the respondent's request for sole physical custody.

"Good cause," for purposes of setting aside a default judgment "includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). Hence, a movant can demonstrate good cause by showing that his conduct in not filing a timely answer was not intentionally or recklessly designed to impede the judicial process. *Heintz Elec. Co.,* 185 S.W.3d at 793. Good cause should be given a liberal interpretation and includes good faith mistakes and even negligence in failing to file a timely answer. *Id.* In distinguishing between negligence and recklessness in the context of Rule 74.05:

> A person is negligent, if his inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency. To be reckless, a person makes a conscious choice of his course of action, either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to a reasonable man.

*Mullins v. Mullins,* 91 S.W.3d 667, 670 (Mo.App.2002) (*quoting In re Marriage of Williams,* 847 S.W.2d at 900).

Rule 74.05(a) provides, in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party." In that regard, Rule 55.01 required the appellant to file an answer to the respondent's petition, which was filed on September 28, 2005. In accordance with Rule 55.25(a), his answer was due "within thirty days after the service of the summons and petition," which according to the record occurred on October 29, 2005, such that his answer was due on or before November 28, 2005. The appellant concedes that he did not file a timely answer, as required, to the respondent's petition. However, he contends on appeal that he had good cause for doing so, warranting the setting aside of the trial court's default judgment, in that "he had financial problems that hindered his ability to engage the services of an attorney." In that regard, in his motion, he alleged that approximately two months after his answer was due, he employed counsel to represent him. In other words, he is claiming that this alleged circumstance of his failure to file a timely answer to the respondent's petition constituted good cause, for purposes of Rule 74.05(d), in that it was not conduct that was intentionally or recklessly designed to impede the judicial process in the case at bar. Thus, as framed by the appellant on appeal, the question is whether this circumstance constituted good faith sufficient to require the setting aside of the trial court's default judgment for the respondent.

Even a cursory reading of the appellant's motion indicates that the issue of his financial inability to hire an attorney being the good-cause justification for his not filing a timely answer to the respondent's petition was not alleged. In fact, no mention is made in the motion as to his financial circumstances at the time. Rule 74.05(d) expressly mandates that the motion to set aside the default judgment must state facts constituting good cause. Hence, the trial court was justified on that basis alone to deny the appellant's motion. In any event, in accordance with *Gering v.*

*Walcott,* 975 S.W.2d 496, 498 (Mo.App. 1998), even if the appellant had pled in his motion financial hardship in hiring an attorney as good-cause justification for his not filing a timely answer to the respondent's petition, his appeal would still fail.

Just as in the present case, in *Gering,* the defaulting parties claimed on appeal that they had stated and proven sufficient facts constituting good cause to warrant the setting aside of the trial court's default judgment in that they had alleged and proven that they did not have the financial means to hire an attorney to represent them. *Id.* And, as here, they did not claim that they made a mistake or were negligent in failing to answer in a timely fashion. *Id.* They simply chose to ignore the litigation because they could not afford counsel to represent them. In that regard, the court noted:

> The result here was that the [defaulting parties] ignored the litigation pending against them. They did not seek an alternative solution, nor did they attempt to represent themselves. Importantly, they did not inform the court of their situation. There are a number of measures that were available to [them], short of ignoring the case.

*Id.* at 499. This court concluded that in failing to respond in any manner to the lawsuit, the defaulting parties "intentionally and recklessly impeded the judicial process." *Id.* Specifically, that: "Their conduct consisted of a conscious choice to ignore the litigation and, as such, amounted to reckless behavior." *Id.* Based on *Gering,* we affirm the trial court's denial of the appellant's motion to set aside the trial court's default judgment for the respondent.

### Conclusion

Because we find that the appellant's motion failed to allege good cause for default-ing, we affirm the Circuit Court of Clay County's denial of the appellant's Rule 74.05 motion to set aside the default judgment of the Circuit Court of Clay County, dissolving his marriage to the respondent, awarding the parties' joint legal custody and awarding the respondent sole physical custody of the parties' three minor children.

SMART, P.J., and HARDWICK, J., concur.