

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **JOHN TURNER,** | **WD76745** |
| **Respondent,** | |
| **v.** | **OPINION FILED:** |
| **GATEWAY BOBCAT OF MISSOURI INC.,** | **SEPTEMBER 30, 2014** |
| **Appellant.** | |

**Appeal from the Circuit Court of Boone County, Missouri**
**The Honorable Larry A. Bryson, Judge**

**Before Division Two: Victor C. Howard P.J., James E. Welsh, Anthony Rex Gabbert JJ.**

Gateway Bobcat of Missouri, Inc. appeals a judgment denying its motion to set aside a default judgment against it. In its sole point on appeal, Gateway asserts that the trial court erred in denying its motion to set aside the default judgment entered against it because Gateway established good cause and the existence of meritorious defenses. We reverse and remand.

## Factual Background

On January 7, 2011, John Turner filed a petition in the Circuit Court of Boone County naming Gateway as the defendant. An initial appearance date was set for February 7, 2011, to answer the allegations in the petition. A summons was served on Gateway's registered agent on January 21, 2011. The summons was in turn sent to the president of Gateway, Daniel Anich, via Federal Express on January 24, 2011. Anich placed the papers on

the desk of John Albers. Albers was the general manager of Gateway and was designated to process legal papers and transmit notice to Gateway's insurance carrier. Albers was out of town when the papers were placed on his desk, but was set to return on January 28, 2011.

On February 7, 2011, the circuit court entered a default judgment against Gateway, when it failed to appear before the court.[1] On February 8, 2011, Anich asked Albers about the status of the lawsuit and that prompted Albers to find the petition and summons and deliver them to Gateway's insurance carrier so counsel could be retained.

On February 23, 2011, Gateway filed a motion to set aside default judgment and to allow it time to file an untimely answer. Attached to this motion was Gateway's proposed answer to Turner's petition and suggestions in support of Gateway's motion to set aside default judgment, including an affidavit from Albers and exhibits in support of the motion. Aside from setting forth the factual background of the case, Albers's affidavit stated that the papers "must have been inadvertently intermingled with some of the papers and I did not notice the Summons and Petition."

On March 18, 2011, a hearing was held before the court regarding Gateway's motion to set aside default judgment. At the hearing, the issue in contention was whether Gateway had good cause to justify the trial court granting its motion to set aside the default judgment. Gateway presented at the hearing only Albers's affidavit. No live testimony was offered by either side. At the conclusion of the hearing, the trial court granted Gateway and Turner ten days to file a brief and supplemental brief. Gateway filed supplemental suggestions in support of the

---

[1]Turner's action is governed by Chapter 517, RSMo 2000. Chapter 517 applies to civil cases, like Turner's claim of conversion, that are filed in the associate division of the circuit court and demand damages not in excess of $25,000. § 517.011.1(1). In such cases, "[a] default judgment may be entered in favor of a party . . . when the opposing party has been duly and timely served with summons and does not appear in court on the return date or subsequent date to which the case has been continued." § 517.131.

motion to set aside default judgment on March 22, 2011, to which Turner filed no response. No action was taken by the court.

On June 2, 2013, Gateway again filed supplemental suggestions in support of its motion to set aside the default judgment against it. On July 5, 2013 the court put out an order overruling Gateway's motion to set aside default judgment. [2] On July 19, 2013, Gateway filed a motion to amend the court's order to denominate the ruling as a Judgment. The trial court sustained the motion and judgment was entered on July 29, 2013. Gateway appeals the trial court's judgment denying its motion to set aside the default judgment.

## Default Judgment

In its sole point on appeal, Gateway argues that the circuit court erred in denying its motion to set aside default judgment because Gateway demonstrated both the existence of good cause and meritorious defenses. Gateway contends that it presented evidence that its failure to appear before the trial court was due to excusable neglect and that it demonstrated that ownership of the skid steer and the amount of Turner's damages were subject to dispute. We find that the court erred in denying Gateway's motion to set aside the default judgment.

When reviewing a trial court's decision to grant or deny a motion to set aside a default judgment, we review for an abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686-87 (Mo. banc 2007). An abuse of discretion occurs when the trial court's "ruling is clearly against the logic of the circumstance then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Peters v. Gen. Motors Corp.*, 200 S.W.3d 1, 23 (Mo. App. 2006).

---

[2] The trial court's judgment denying Gateway's motion to set aside the default judgment came more than two years after the hearing on the matter. Despite this extensive delay, the trial court record is void of any reason for such a delay.

3

The trial court has narrowed discretion to deny a motion to set aside a default judgment and broad discretion to sustain such a motion. *Brungard*, 240 S.W.3d at 687 (citing *Hopkins v. Mills-Kluttz*, 77 S.W.3d 624, 626 (Mo. App. 2002)). "The narrowed discretion to deny a motion to set aside a default judgment stems from the public policy favoring the decision of cases on their merits." *Coble v. NCI Bldg. Systems, Inc.*, 378 S.W.3d 443, 447 (Mo. App. 2012). Due to this narrowed discretion, "appellate courts are more likely to reverse a judgment which fails to set aside a default judgment than one which grants that relief." *Id*. Deference towards granting a motion to set aside a default judgment is afforded regardless of whether evidence supporting the motion was presented through exhibits and affidavits or through live testimony. *Barsto Const., Inc. v. Gladstone Senior Partners, L.P.*, 270 S.W.3d 440, 442 (Mo. App. 2008).

However, where the evidence is uncontested no deference is given to the trial court's findings. *White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010). "Evidence is uncontested in a court-tried civil case when the issue before the trial court involves only stipulated facts and does not involve resolution by the trial court of contested testimony; in that circumstance, the only question before the appellate court is whether the trial court drew the proper legal conclusions from the facts stipulated." *Id*. Here, the factual assertions made by Albers in his affidavit were never disputed or contested. Instead, it was Turner's position that because the president was served the summons there was no good cause. Furthermore, Turner filed no answer to Gateway's motion, present any evidence at the hearing, or file any suggestions in opposition after the hearing. Thus, as the factual assertions in Albers's affidavit were uncontested, the only question before this Court is whether the trial court drew the proper legal conclusion from these facts. *See id.*

4

A motion to set aside a default judgment must "be made within a reasonable time not to exceed one year after the entry of default judgment." Rule 74.05(d). A motion to set aside a default judgment must "stat[e] facts constituting a meritorious defense and good cause shown." Rule 74.05(d).

Both parties agree that Gateway's motion to set aside the default judgment was filed in a timely matter. In his brief, Turner concedes Gateway has stated a meritorious defense, as he stated "[t]he real issue in this case is whether or not [Gateway] sustained its burden in showing good cause for its failure to answer the original summons." Thus, the issue before this Court turns on whether good cause was established.

The party moving to set aside the default judgment has the burden to show good cause. *Barsto*, 270 S.W.3d at 442. "'Good Cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). "Good cause should be given a liberal interpretation and includes good faith mistakes and even negligence in failing to file a timely answer." *Dozier v. Dozier*, 222 S.W.3d 308, 313 (Mo. App. 2007). In distinguishing between negligence and recklessness in the context of Rule 74.05:

> A person is negligent, if his inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency. To be reckless, a person makes a conscious choice of his course of action, either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to a reasonable man.

*Id.* (quoting *Mullins v. Mullins*, 91 S.W.3d 667, 670 (Mo. App. 2002)). When determining whether conduct intentionally or recklessly was designed to impede the judicial process, reasonable doubt should be resolved in favor of good faith. *Barsto*, 270 S.W.3d at 442.

Gateway provided evidence of good cause through the affidavits of Albers and Anich. The record reflects that the summons and petition became commingled with other papers on Albers desk while he was out of town for a few days. The day after Gateway failed to appear at the scheduled hearing with the trial court, Anich inquired of Albers about the status of the litigation. Albers immediately located the summons and the petition and had the documents delivered to Gateway's insurance carrier so counsel could be retained.

Although Anich failed to take adequate precautions to ensure that Albers would definitely receive the summons and petition, his conduct was merely negligent. Anich's conduct was reasonably calculated to deliver the summons and petition to the appropriate Gateway personnel to handle the matter. Furthermore, the discovery of the misplaced summons and petition and prompt motion to set aside the default judgment were a direct result of Anich following up with Albers about the status of the litigation. Viewing Anich's conduct and his mistakes as a whole, his conduct was not intentionally or recklessly designed to impede the judicial process but was rather negligent.

In reviewing Albers's conduct, his affidavit indicates that he was not aware of the existence of the summons and petition until Anich inquired into the status of the litigation and he actively sought to find them. Albers's inadvertence merely evinces a failure to take adequate precautions to ensure no litigation paperwork had become commingled with the other paperwork on his desk. Within a day of being notified of the existence of the summons and petition, Albers located the documents and forwarded them on to the appropriate insurance carrier to handle the matter for Gateway. Like Anich's conduct, Albers's conduct appears to be mere negligence.

6

Turner argues, however, that because the error was one involving the President and General Manager of Gateway that their conduct was intentionally or recklessly designed to impede the judicial process. We disagree.

Turner derives his argument from three cases: *Pyle v. FirstLine Transp. Sec., Inc.*, 230 S.W.3d 52 (Mo. App. 2007); *Myers v. Pitney Bowes, Inc.*, 914 S.W.2d 835 (Mo. App. 1996); and *Gibson by Woodall v. Elley*, 778 S.W.2d 851 (Mo. App. 1989). In *Pyle,* in our reasoning for why good cause was shown, we placed significant weight on the fact that the summons and petition in that case were mishandled by clerical employees as opposed to management employees. *Pyle*, 230 S.W.3d at 60. In *Myers*, we found good cause was shown because the member of management responsible for handling litigation matters had retired and default judgment had already been entered by the time a member of the defendant's management found out about the litigation. *Myers*, 914 S.W.2d at 838-39. In *Gibson*, we determined good cause was shown because the petition and summons became misplaced and were not discovered until after judgment had been entered because temporary secretaries were working in the office when they were received. *Gibson*, 778 S.W.2d at 853-55.

Turner states that Gateway failed to establish facts that would be in comport with the reasoning we relied upon in *Pyle, Myers*, or *Gibson* and implies that this precludes them from establishing good cause. Turner fails to recognize that the circumstances that existed in other cases where good cause was shown does not create an exhaustive list of the circumstances in which it can be established.

Turner further argues that Anich and Albers intentionally or recklessly impeded the judicial process because as the President and General Manager they should have been aware of the gravity of a litigation summons and the need for quick action. Turner's argument relies on

7

our reasoning in *Pyle* where we stated that management level employees "should be assumed to have a better idea of the potential gravity of a litigation summons and the need for quick action." *Pyle*, 230 S.W.3d at 60. Turner asserts that, because Anich and Albers are both management level employees that should be presumed to understand the gravity of a litigation summons, their failure to respond to the summons amounted to intentionally or recklessly impeding the judicial process.

However, the reasoning in *Pyle* establishes that when looking at the totality of the circumstances to determine if good cause was shown we will take into consideration whether the conduct or mistake leading to the default judgment occurred at the hands of a non-managerial employee or a management employee. *See Pyle*, 230 S.W.3d at 60 (stating "[w]hen the case involves mishandling by lower-level, non-managerial employees, the mistake is more likely to be negligent; whereas a mistake by upper-level management employees, or by individual defendants, is more likely to be presumed reckless or intentional."). While there is no doubting that both Anich and Albers are management level employees, their actions, as previously discussed, constituted mere negligence. Rule 74.05 requires the conduct be recklessly or intentionally designed to impede the judicial process. As a result, because Anich's and Albers's conduct was negligent we find that the trial court erred in denying Gateway's motion to set aside default judgment. Point one is granted.

We conclude, therefore, that the circuit court erred in denying Gateway's motion to set aside the default judgment because the record reflects that Anich's and Albers's conduct was negligent and not intentional or reckless as Rule 74.05 requires. We reverse and remand to the circuit court for further proceedings in accordance with this opinion.

8

_____

Anthony Rex Gabbert, Judge

All concur.