**Tandy R. ADAMS, Appellant,**

v.

**William A. BORELLO, d/b/a Billy B'S Bar and Grill, Respondent.**

No. WD 54500.

Missouri Court of Appeals,
Western District.

June 23, 1998.

As Modified Sept. 1, 1998.

Gerard H. Donovan, Kansas City, for Appellant.

Robert L. Shirkey, Kansas City, for Respondent.

Before HOWARD, P.J., and BRECKENRIDGE and SPINDEN, JJ.

HOWARD, *Presiding Judge.*

Tandy R. Adams appeals from an order of the trial court which set aside a judgment that she had obtained against William A. Borello, d/b/a Billy B's Bar & Grill. Adams contends that the trial court erred by setting aside the judgment on the basis of Rule 74.05(d) because the judgment was not by default but on the merits, and because Borello's motion to set aside the judgment failed to establish good cause and a meritorious defense.

Affirmed.

On January 31, 1996, Adams filed a petition seeking damages for battery, assault, and negligence, claiming she was injured in an altercation at Billy B's Bar & Grill. Apparently, this was the second suit which Adams filed as a result of the incident; the first had been dismissed without prejudice. Borello filed an answer to the petition, but it seems that his attorney put the wrong case number—the case number of the prior, dismissed petition—on the answer, which was filed in the court file for the earlier, closed case.

Adams' case was set for trial on June 11, 1996, and neither Borello nor his counsel appeared. The court heard Adams' uncontested testimony and awarded her $10,000 in actual damages and $15,000 in punitive damages. Almost one year later, on June 6, 1997, Borello filed a motion to set aside the default judgment pursuant to Rule 74.05(d). Following a hearing on the matter, the judgment was set aside by the trial court.

■ In her first point on appeal, Adams claims that the trial court erred by applying Rule 74.05 to Borello's motion to set aside the judgment. Adams contends that that rule does not apply because this was not really a default judgment, but a judgment on the merits.

The key factor here is that Adams' case was filed in the associate division of the circuit court, which has its own statutory rules as to when a default judgment may be entered. Section 517.131, RSMo 1994 provides that if a plaintiff files a claim in the associate division and the defendant fails to appear in court, the plaintiff is entitled to a default judgment by appearing in person or by attorney and presenting evidence by written oath or otherwise as determined by the judge. Adams contends that the judgment was on the merits and not by default because she appeared and presented evidence on her claim. However, § 517.131 expressly authorizes the associate division of the circuit court to enter a default judgment after evidence has been presented. Point denied.

■ Adams also contends that the judgment was on the merits because Borello filed an answer to her petition. Again, we note that the associate circuit court has its own statutory rules regarding entry of a summary judgment. In any event, it is disingenuous to argue that Borello filed an answer in this case. It is true an answer was filed, but because the wrong case number was placed on the pleading, the court filed it as part of a prior, closed case. Consequently, there was no responsive pleading from the defendant in the court's file in this case.

In her second point on appeal, Adams claims that the trial court erred by failing to apply Rule 74.03 to Borello's motion to set aside the judgment. Adams contends that Borello did not comply with the terms of Rule 74.03 because he did not file his motion to set aside the judgment within the Rule's six-month deadline. However, whether Borello met the deadline contained in Rule 74.03 is irrelevant, as he sought relief under Rule 74.05(d). Point denied.

■ In her third point on appeal, Adams claims that the trial court erred by granting Borello an evidentiary hearing on his motion to set aside the judgment because he failed to meet the pleading requirements of Rule 74.05(d). Specifically, Adams contends that Borello's motion failed to sufficiently establish good cause and a meritorious defense.

■ The trial court is generally given great discretion in determining that a default judgment should be set aside because the movant has shown good cause and a meritorious defense. *Magee v. Magee*, 904 S.W.2d 514, 519 (Mo.App. W.D.1995). Consistent with the well established principle that default judgments are not favored in the law, appellate courts are more prone to interfere with a trial court's decision when a request to set aside a default judgment has been denied than when it has been granted. *Vandergriff v. Missouri Pacific R.R.*, 769 S.W.2d 99, 101 (Mo. banc 1989). A trial court's decision to set aside a default judgment will not be interfered with unless the record convincingly indicates an abuse of discretion. *Magee*, 904 S.W.2d at 518.

■ Rule 74.05(d), which provides when a default judgment will be set aside, requires

a movant to assert sufficient facts to constitute both a meritorious defense and good cause shown. *H.J.I. by J.M.I. v. M.E.C.*, 961 S.W.2d 108, 118 (Mo.App. W.D.1998). If the motion and supporting documentation facially meet the requirements of the rule for the setting aside of the judgment, then the trial court is required to hold an evidentiary hearing on the matter. *Boatmen's First Nat. Bank v. Krider,* 802 S.W.2d 531, 532 (Mo. App. W.D.1991).

 In Borello's motion to set aside the default judgment, the only assertion concerning a meritorious defense was a conclusory allegation that he "has a meritorious defense in every way to the claim of instant plaintiff, not only as to liability but damages as well." Similarly, the motion made only a perfunctory assertion of good cause. Therefore, pursuant to *Krider,* the trial court was not required to grant Borello a hearing on his motion. But while a motion's failure to facially meet the requirements for setting aside a judgment means that a trial court is not required to hold an evidentiary hearing, it does not also mean that a trial court necessarily abuses its discretion if it does, in fact, conduct such a hearing. The case law does not mandate such a conclusion. Although the trial court would have been justified in denying Borello's motion without an evidentiary hearing, we cannot say it abused its broad discretion by proceeding with the hearing.

At the hearing, Borello introduced a notarized affidavit from the bar's doorman who asserted that Adams appeared to be the aggressor in the scuffle, that Adams had been involved in numerous prior altercations at the bar, and that, after the incident, Adams confided that she had not been injured. Borello's counsel also explained how he had put the wrong case number on the answer to the petition, and how, as a consequence, the answer was filed in the court file for the earlier, closed case. On the basis of the showing of good cause and a meritorious defense offered at the hearing, we cannot say that the trial court abused its broad discretion in setting the default judgment aside.

Rule 74.05(d) required that Borello's motion be filed "within a reasonable time not to exceed one year after the entry of a default judgment." Adams contends that, while Borello's motion was filed within a year of the judgment, it was not filed within a reasonable time, and therefore the trial court erred by granting him relief.

We can interfere with the trial court's decision only for an abuse of discretion, which has been defined as a judicial act which is untenable and clearly against reason and which works an injustice. *Egelhoff v. Holt,* 875 S.W.2d 543, 549–550 (Mo. banc 1994). We cannot conclude that the trial court abused its discretion in the case at bar. Point denied.

The judgment of the trial court is affirmed.

All concur.