**STATE ex rel. Linda STUDE, Warren County Collector, Respondent.**

v.

**Michael J. JACKSON, Appellant.**

**No. ED 88565.**

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 30, 2007.

Michael J. Jackson, Cameron, MO, pro se.

Michael S. Wright, Warrenton, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Michael J. Jackson ("Defendant") appeals, *pro se,* from a default judgment entered in favor of the State of Missouri ordering Defendant to pay $537.08 for personal property taxes. The State did not respond to Defendant's appeal. Defendant alleges that the trial court erred in entering a default judgment against him for failing to appear because Defendant timely filed his pleading. We dismiss for lack of jurisdiction.

### Facts and Procedural History

Defendant is an inmate in the Missouri Department of Corrections and has been incarcerated since August 11, 2005. He received a summons from the State of Missouri requesting his appearance at a hearing in the associate division of the circuit court on September 13, 2005 regarding past-due personal property taxes. Defendant did not appear at the hearing and a default judgment was entered awarding the State $877.37. In March 2006, Defendant filed a Motion for Relief from Judgment and Order. In response, the State filed a Motion to Set Aside Default Judgment and an Amended Petition alleging Defendant owed $537.08. On July 6, 2006, the trial court granted the State's motion and set a new trial date of August 9, 2006 on the Amended Petition. On July 22, 2006, Defendant filed a "Petition for Writ of Habeas Corpus Ad Testificandum" and a "Response in Opposition to Plaintiff's Amended Petition for Delinquent Personal Property Tax." On August 9, 2006, the trial court entered the following judgment, denominated "Judgment of Default":

> ... although having been thrice called, [Defendant] comes not, but makes default. This cause being now submitted upon the pleadings and the proof adduced, and the Court being fully advised in the premises, finds that the Plaintiff is justly entitled to recover of the Defendant the sum of: ... [$537.08].

Defendant did not move to set aside the trial court's judgment. Defendant now appeals.

### Discussion

■ Defendant raises one point on appeal alleging that the trial court erred in entering a default judgment against him because although he did not appear at the hearing, he filed an answer with the trial court, and therefore, a default judgment could not be entered against him.

■ This Court has a duty to *sua sponte* determine whether we have jurisdiction. If we lack jurisdiction to entertain an appeal, we must dismiss the appeal.

*Fischer v. City of Washington,* 55 S.W.3d 372, 377 (Mo.App. E.D.2001). "A default judgment cannot be appealed unless the trial court has previously heard a motion to set aside or vacate the judgment." *Habitat for Humanity St. Louis v. Kirkwood,* 151 S.W.3d 126 (Mo.App. E.D.2004); *see also Parkside Wireworks, L.L.C. v. MDG Management Corporation,* 69 S.W.3d 133 (Mo.App. E.D.2002). Here, Defendant did not file a motion to set aside the default judgment. Therefore, we do not have jurisdiction.[1]

### Conclusion

The appeal is dismissed.

BOOKER T. SHAW, C.J., and GLENN A. NORTON, J., concur.

---

1. Even if we were to consider Defendant's appeal, we would affirm. Because this case was originally filed before an associate circuit judge, it was appropriate for the trial court to enter a default judgment following Defendant's failure to appear at the hearing. *See Adams v. Borello,* 975 S.W.2d 188, 190 (Mo. App. W.D.1998); Section 517.131 RSMo 2004. Section 517.131 provides, in pertinent part: "A default judgment may be entered in favor of a party filing a claim upon appearance by such party in person ... when the opposing party ... does not appear in court." Here, Defendant failed to appear and the case was submitted "upon the pleadings and the proof adduced...." Accordingly, the trial court properly entered a default judgment.