**STATE of Missouri, ex rel., Jeremiah NIXON, Attorney General, State of Missouri, Respondent,**

v.

**Billy TURNER, Appellant.**

**No. WD 68400.**

Missouri Court of Appeals,
Western District.

July 15, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 2008.

Billy Turner, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Paul Harper, Jefferson City, MO, for respondent.

_____

2. All pending motions are denied.

Before: JAMES E. WELSH, P.J., PAUL M. SPINDEN and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Billy Turner, Jr. ("Appellant") appeals, *pro se,* from a default judgment entered in favor of the State of Missouri ordering Appellant to pay $4,361.07 for incarceration costs pursuant to the Missouri Incarceration Reimbursement Act ("MIRA"), §§ 217.825 to 217.841, RSMo. We dismiss the appeal for lack of jurisdiction.

Appellant is currently incarcerated in the Missouri Department of Corrections. After Appellant began his term of incarceration, the State of Missouri filed its Petition for Incarceration Reimbursement on January 29, 2007, in the Circuit Court of Cole County. The circuit court issued a show cause order requiring Appellant to demonstrate why the court should not order Appellant's assets to be applied to the alleged cost of his imprisonment.

Appellant failed to file any pleading responding either to the Petition or to the show cause order. Accordingly, on April 2, 2007, the circuit court entered its Judgment and Order in favor of the State and against Appellant in the amount of $4,631.07. Appellant did not file a motion to set aside the circuit court's judgment.

■ On or after May 7, 2007, Appellant filed his notice of appeal. Appellant asserts four Points Relied On, each of which attacks the merits of the trial court's judgment.

■ We lack jurisdiction to consider the merits of Appellant's appeal, and accordingly dismiss. "[A] judgment entered after a litigant fails to respond or otherwise defend an action is a default judgment." *State ex rel. Nixon v. Ramsey,* 244 S.W.3d 281, 283 (Mo.App. W.D.2008). In this case, there is no dispute that Appellant did not file a responsive pleading to the Petition, nor did he file a motion to set aside the default judgment. Rather, Appellant simply filed a notice of appeal. The trial court's disposition was plainly a default judgment.

■ If we lack jurisdiction to hear the merits of an appeal, we must dismiss it. *State ex rel. Stude v. Jackson,* 213 S.W.3d 208, 209 (Mo.App. E.D.2007). "Appeal properly lies from the court's denial of a motion to set aside a default judgment and not from the default judgment." *Kuhlman v. Arnold,* 154 S.W.3d 430, 431 (Mo. App. W.D.2005). "A default judgment cannot be appealed unless the trial court has previously heard a motion to set aside or vacate the judgment." *Barney v. Suggs,* 688 S.W.2d 356, 358 (Mo. banc 1985)(citing *Vonsmith v. Vonsmith,* 666 S.W.2d 424 (Mo. banc 1984)); *see also Jackson,* 213 S.W.3d at 210. At most, this Court could consider challenges to the trial court's subject-matter jurisdiction, or to the sufficiency of the State's petition, in an appeal taken directly from the default judgment. *State ex rel. Nixon v. McGee,* 213 S.W.3d 730, 732 (Mo.App. W.D.2007). Appellant makes no such arguments (nor does he argue any grounds to set aside the default, which were required to be presented to the trial court in the first instance anyway).

Because Appellant filed no motion to set aside the default judgment in the trial court, and invokes none of the limited grounds on which we could arguably review the default judgment itself, we lack appellate jurisdiction. The appeal is dismissed.

All concur.