**GENERAL CREDIT ACCEPTANCE COMPANY, LLC, Respondent,**

v.

**Nadine REESE, Appellant.**

No. ED 97941.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 28, 2012.

Nadine Reese, Saint Louis, MO, pro se.

William F. Whealen, Jr., Saint Louis, MO, for respondent.

## *OPINION*

GLENN A. NORTON, J.

Nadine Reese appeals the judgment denying her motion to set aside a default judgment in favor of General Credit Acceptance Company, LLC ("General Credit") on its claim for breach of contract. We affirm.

## I.  BACKGROUND

General Credit filed a petition alleging that Reese breached a retail installment contract for the purchase of a motor vehicle. Reese was duly served, the matter was assigned to an associate division of the circuit court, and a hearing was scheduled for December 5, 2011, at 9:00 a.m. Reese appeared in court and filed a responsive pleading at 8:50 a.m. on December 5, 2011, but was not present when the case was called. The trial court entered a default judgment in favor of General Credit in the amount of $11,970.32. Reese filed a motion to set aside the default judgment, which was denied by the trial court. Reese appeals.

## II.  DISCUSSION

### A.  The Trial Court did not Err in Entering Default Judgment in Favor of General Credit

Reese's first two points on appeal claim that the trial court erred in entering a default judgment in favor of General Credit. We disagree.

Ordinarily a party may not directly appeal the entry of a default judgment. *In re C.W.*, 317 S.W.3d 204, 205 (Mo.App. W.D.2010). However, an appeal of a default judgment is appropriate where a party, as Reese did here, sought to have the default judgment set aside. *Agnello v. Walker*, 306 S.W.3d 666, 675 (Mo.App. W.D.2010). Whether the trial court had the authority to enter a default judgment is a question of law that we review de novo. *Id.* at 676.

RSMo Chapter 517 applies to civil cases, like General Credit's claim for breach of contract, that are filed in the associate division of the circuit court and demand damages not in excess of $25,000. Section

517.011.1(1) RSMo 2000.[1] In such cases, "[a] default judgment may be entered in favor of a party ... when the opposing party has been duly and timely served with summons and does not appear in court on the return date or subsequent date to which the case has been continued." Section 517.131.

█ In her first point on appeal, Reese claims the trial court erred in entering a default judgment against her because she appeared in court on the date of the summons. Reese argues the entry of a default judgment was not proper under section 517.131 because, although she was not present when the case was called, she did "appear in court on the return date" when she filed her responsive pleading. However, section 517.131 contemplates more than just a requirement that a party appear in court at any point during the date that the cause is scheduled to be called. Instead, section 517.131 allows a default judgment when a party fails to appear at the scheduled hearing. *See State ex rel. Stude v. Jackson*, 213 S.W.3d 208, 210 n. 1 (Mo. App. E.D.2007) (stating that it was appropriate for the trial court to enter a default judgment under section 517.131 following the party's "failure to appear at the hearing"). Because Reese failed to appear at the hearing, the trial court did not err in entering a default judgment in favor of General Credit. Point one is denied.

█ In her second point on appeal, Reese claims the trial court erred in entering a default judgment because she contested the case by filing a responsive pleading. Reese is correct that a default judgment is generally improper where a defendant has timely filed an answer. *Everest Reinsurance Co. v. Kerr*, 253 S.W.3d 100, 104 (Mo.App. W.D.2008). However, as previously indicated, cases filed in the associate division of the circuit court follow their own statutory rules for the entry of a default judgment. *Adams v. Borello*, 975 S.W.2d 188, 190 (Mo.App. W.D.1998). Specifically, under section 517.131, entry of a default judgment is proper where a party fails to appear at the scheduled hearing, regardless of whether that party filed responsive pleadings. *Jackson*, 213 S.W.3d at 209–10 n. 1; *see also Adams*, 975 S.W.2d at 190. Point two is denied.

### B. The Trial Court did not Err in Denying Reese's Motion to Set Aside the Default Judgment

In her third and final point on appeal, Reese claims the trial court erred in denying her motion to set aside the default judgment because she showed a meritorious defense and good cause by appearing in court and filing an answer. We disagree.

██ We review a trial court's decision denying a motion to set aside a default judgment for an abuse of discretion. *Sastry v. Sastry*, 302 S.W.3d 264, 266 (Mo. App. E.D.2010). We afford the trial court narrower discretion in denying a motion to set aside a default judgment than when granting such a motion. *Id.*

█ A default judgment may be set aside upon a motion stating facts constituting both a meritorious defense and good cause. Missouri Supreme Court Rule 74.05(d) (2012); *Dozier v. Dozier*, 222 S.W.3d 308, 312 (Mo.App. W.D.2007). "As such, on appeal of the denial of a motion to set aside a default judgment, if the appellate court finds that the motion failed to state facts constituting either a meritorious defense or good cause, it must affirm." *Dozier*, 222 S.W.3d at 312.

---

1. All further statutory references are to RSMo 2000.

■ Here, Reese's motion argued only that the trial court's entry of default judgment "must be reversed, regardless of whether the defendant shows good cause and a meritorious defense, if the defendant has filed a timely answer." As previously indicated, section 517.131 contemplates an entry of a default judgment where a party fails to appear at the scheduled hearing, regardless of whether responsive pleadings were filed. Accordingly, Reese's motion to set aside the default judgment failed to state facts constituting both a meritorious defense and good cause.

Therefore, the trial court did not err in denying the motion. Point three is denied.

### III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J., SHERRI B. SULLIVAN, J., concur.