In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

JOHN SOLOMON, ) No. ED109396
 )
 Respondent, ) Appeal from the Circuit Court
 ) of the City of St. Louis
 vs. ) 2022-CC00080
 )
ST. LOUIS CIRCUIT ATTORNEY, ) Honorable Christopher E. McGraugh
 )
 Appellant. ) Filed: January 25, 2022

 The St. Louis Circuit Attorney (“Defendant”) appeals the judgment denying its motion to

set aside a default judgment entered in favor of John Solomon (“Plaintiff”) on Plaintiff’s

amended petition alleging Defendant committed violations of chapter 610 of the Missouri

Revised Statutes (“the Sunshine Law” or “Sunshine Law”).1 The trial court’s judgment denying

Defendant’s motion to set aside the default judgment ordered that, inter alia, (1) “Defendant

shall produce to Plaintiff . . . a list that identifies every document responsive to Plaintiff’s

Sunshine Law [r]equest”;2 (2) “Defendant shall . . . produce to the [c]ourt . . . a copy of every

document responsive to Plaintiff’s Sunshine Law [r]equest as well as a copy of the foregoing

1
 See Strake v. Robinwood West Community Improvement District, 473 S.W.3d 642, 643 (Mo. banc 2015) (similarly
referring to chapter 610 of the Missouri Revised Statutes as “the Sunshine Law”) (internal quotations omitted).
2
 As explained in detail in Section I.E. of this opinion, the trial court’s judgment also ordered Defendant’s list
identifying every document responsive to Plaintiff’s Sunshine Law request to contain specific information for every
responsive document.
list”; and (3) “Thereafter, the [trial] [c]ourt will conduct an in camera review of the records and

assess Defendant’s claims of privilege.”

 Defendant raises a total of three points on appeal. Defendant’s first and second points

claim the trial court improperly entered the underlying default judgment on Plaintiff’s amended

petition. Defendant’s third point asserts the trial court erred in denying its motion to set aside the

default judgment.

 In addition, Plaintiff has filed a motion for attorney’s fees on appeal, which has been

taken with the case.

 For the reasons discussed below, we hold that all of Defendant’s points on appeal have no

merit, and we grant Plaintiff’s motion for attorney’s fees on appeal. Accordingly, we affirm the

trial court’s judgment denying Defendant’s motion to set aside the default judgment, and we

remand the cause for further proceedings consistent with this opinion and the following specific

directions. On remand, and in accordance with the trial court’s judgment denying Defendant’s

motion to set aside the default judgment, (1) “Defendant shall produce to Plaintiff . . . a list that

identifies every document responsive to Plaintiff’s Sunshine Law [r]equest”; (2) “Defendant

shall . . . produce to the [c]ourt . . . a copy of every document responsive to Plaintiff’s Sunshine

Law [r]equest as well as a copy of the foregoing list”; and (3) “Thereafter, the [trial] [c]ourt

[shall] conduct an in camera review of the records and assess Defendant’s claims of privilege.”

See footnote 2 and Section I.E. of this opinion. Additionally, we direct the trial court on remand

to determine the appropriate amount of attorney’s fees on appeal to award Plaintiff and enter

judgment accordingly.

 2
 I. BACKGROUND

 The relevant facts and procedural posture of this case pertain to: (A) Plaintiff’s request

for open, public records under the Sunshine Law; (B) Plaintiff’s initial petition against

Defendant, Defendant’s failure to timely respond, and the hearing on Plaintiff’s written motion

for default judgment on the initial petition; (C) Plaintiff’s amended petition, Defendant’s failure

to timely respond, and the hearing on, inter alia, Plaintiff’s oral motion for default judgment on

the amended petition; (D) the trial court’s interlocutory default judgment on Plaintiff’s amended

petition, and Defendant’s motion to set aside the default judgment; and (E) the trial court’s

judgment denying Defendant’s motion to set aside the default judgment.

A. Plaintiff’s Request for Open, Public Records Under the Sunshine Law

 On July 5, 2019, Plaintiff submitted to Defendant’s office an open, public records request

pursuant to the Sunshine Law seeking:

 [A]ll records of contacts between Circuit Attorney Kimberly Gardner and her staff
 with the following individuals and entities from Jan. 6, 2017 through July 3, 2019:
 [ ] Scott Faughn[;] Al Watkins[;] Jeffrey E. Smith[;] JES Holdings LLC[;] Jeff
 Smith[;] The Missouri Workforce Housing Association[;] George Soros[;] Michael
 Vachon[;] Soros Fund Management[;] The Safety and Justice PAC[;] Open Society
 Foundation[;] Scott Simpson[;] Katrina Sneed[;] Phil Sneed[;] State Rep. Stacy
 Newman[;] [and] State Rep. Jay Barnes[.]

The scope of the inquiry included, but was not limited to, “all calendar entries, phone messages,

text messages, emails, encrypted app chats, letter correspondence[,] and long-distance toll

records in the possession of [Defendant’s office].”

 Defendant subsequently refused to produce any records pursuant to Plaintiff’s Sunshine

Law request. In denying Plaintiff’s request, Defendant specifically claimed all of the requested

records related to the two previous criminal cases against former Missouri Governor Eric

Greitens. Defendant also maintained all of Plaintiff’s requested records constituted either, (1)

 3
official records pertaining to the Greitens criminal cases which are closed under section

610.105.1 RSMo 20163 because the criminal cases were dismissed by nolle prosequi; or (2) “[ ]

communication[s] between the Circuit Attorney and her attorneys and legal team working for her

on legal matters[,]” which according to Defendant, “[are] both privileged and subject to work

product regardless of whether the case or investigation is open or closed.”

B. Plaintiff’s Initial Petition Against Defendant, Defendant’s Failure to Timely
 Respond, and the Hearing on Plaintiff’s Written Motion for Default Judgment on
 the Initial Petition

 On January 10, 2020, Plaintiff filed his initial petition against Defendant alleging

Defendant committed purposeful violations of the Sunshine Law by failing to search for and/or

produce open, public records responsive to Plaintiff’s request. Defendant was served with a

summons, a copy of the initial petition, and all exhibits to the petition on February 19, 2020,

when a deputy sheriff personally delivered the documents to Assistant Circuit Attorney Lopa

Blumenthal (“Ms. Blumenthal”) at Defendant’s office in the City of St. Louis.”4

 Accordingly, Defendant was required to file a responsive pleading to the initial petition

within thirty days after February 19, 2020, i.e., by March 20, 2020. See Missouri Supreme Court

Rule 55.25(a) (2020). However, Defendant failed to file a timely responsive pleading to

Plaintiff’s initial petition.

 On April 6, 2020, Plaintiff filed a motion for default judgment on the initial petition, and

Plaintiff noticed the motion for a hearing to be held on June 5, 2020. After midnight on June 5 –

the day of the scheduled hearing on Plaintiff’s motion for default judgment on the initial petition

3
 Section 610.105.1 RSMo 2016 provides in relevant part that: “If the person arrested is charged but the case is
subsequently nolle prossed [or] dismissed . . ., official records pertaining to the case shall thereafter be closed
records when such case is finally terminated except as provided in subsection 2 of this section and section 610.120
[RSMo] and except that the court’s judgment or order or the final action taken by the prosecutor in such matters may
be accessed . . ..”
4
 At all times relevant to this case, Ms. Blumenthal was a licensed attorney whose responsibilities included
“defending civil suits filed against [Defendant] under the Sunshine [Law].”

 4
and seventy-seven days after a responsive pleading was due on Plaintiff’s initial petition –

Defendant filed a motion to dismiss and a motion for leave to file the motion to dismiss out of

time. Defendant did not notice either motion for a hearing, and Defendant did not request the

trial court to rule on either motion.

 The trial court held a hearing on Plaintiff’s motion for default judgment on the initial

petition on June 5, 2020. At the hearing, Plaintiff made an oral motion for leave to file an

amended petition against Defendant. On June 5, the trial court entered an order denying

Plaintiff’s motion for default judgment on the initial petition; granting Plaintiff’s motion for

leave to file an amended petition by consent of Defendant; and requiring Defendant to file a

responsive pleading to Plaintiff’s amended petition “within thirty days of receipt” (“the trial

court’s June 5, 2020 order”).

C. Plaintiff’s Amended Petition, Defendant’s Failure to Timely Respond, and the
 Hearing on, Inter Alia, Plaintiff’s Oral Motion for Default Judgment on the
 Amended Petition

 On June 9, 2020, Plaintiff filed his amended petition against Defendant alleging

Defendant committed purposeful violations of the Sunshine Law by failing to search for and/or

produce open, public records responsive to Plaintiff’s request. The amended petition requested

the court to require Defendants to search for and produce such records; to award Plaintiff a civil

penalty; and to award Plaintiff attorney’s fees and costs of litigation.

 It is undisputed Defendant received Plaintiff’s amended petition on June 9, 2020.5

Accordingly, pursuant to the trial court’s June 5, 2020 order, Defendant was required to file a

responsive pleading to the amended petition within thirty days after June 9, 2020, i.e., by July 9,

5
 It is also undisputed Plaintiff filed his amended petition on June 9, 2020.

 5
2020. However, Defendant failed to file a timely responsive pleading to Plaintiff’s amended

petition.

 On July 13, 2020, Plaintiff filed a motion for judgment on the pleadings on his amended

petition. Then, on July 15 – six days after a responsive pleading was due on Plaintiff’s amended

petition – Defendant filed a motion to dismiss Plaintiff’s amended petition that was substantively

identical to the motion to dismiss Defendant had filed on June 5. Notably, Defendant’s July 15

motion to dismiss was not accompanied by a written motion for leave to file it out of time,

Defendant did not notice the motion to dismiss for a hearing, and Defendant did not request the

trial court to rule on the motion to dismiss.

 On July 15, Plaintiff filed a motion to strike Defendant’s motion to dismiss the amended

petition, and Plaintiff later noticed the motion for strike for a hearing to be held on July 28, 2020.

 At the July 28 hearing, Plaintiff withdrew his motion for judgment on the pleadings.

Plaintiff also made an oral motion asserting he was entitled to a default judgment on his amended

petition, which the trial court granted. Although Plaintiff characterized his oral motion as a

motion “to reconsider” his previous motion for default judgment filed on Plaintiff’s initial

petition, the trial court characterized Plaintiff’s oral motion as, inter alia, an oral motion for

default judgment on the amended petition.

 At the July 28 hearing, Defendant’s counsel, Ms. Blumenthal, did not claim that

Defendant’s failure to file a timely answer to the amended petition was accidental or inadvertent;

instead, she stated she chose not to file an answer because she claimed there were issues

regarding the amended petition that she wanted to address before filing an answer. Ms.

Blumenthal orally requested leave to file Defendant’s answer out of time and claimed the answer

was “ready,” but the trial court denied the request. Additionally, this Court’s review of the

 6
transcript of the July 28 hearing shows that Ms. Blumenthal did not orally request leave to file

Defendant’s motion to dismiss the amended petition out of time.6

D. The Trial Court’s Interlocutory Default Judgment on Plaintiff’s Amended Petition,
 and Defendant’s Motion to Set Aside the Default Judgment

 On July 31, 2020, the trial court entered an interlocutory default judgment against

Defendant on Plaintiff’s amended petition, finding “[Defendant] is in default due to its reckless,

dilatory, and intentional refusal to file a timely responsive pleading” (“default judgment” or

“underlying default judgment”). The trial court’s default judgment also found Defendant

purposefully violated the Sunshine Law; ordered Defendant to search for and produce to Plaintiff

open, public records responsive to Plaintiff’s Sunshine Law request within thirty days; awarded

Plaintiff a civil penalty in the amount of $5,000.00; awarded Plaintiff reasonable attorney’s fees

and costs associated with the lawsuit; ordered Plaintiff to submit materials in support of the

attorney’s fees and costs he was requesting within fourteen days; and ordered Defendant to file

any arguments in opposition to the reasonableness of the amount of Plaintiff’s requested

attorney’s fees “[n]o later than seven days after” Plaintiff submitted his materials in support.

 On August 14, 2020, Plaintiff filed a request for $21,280.00 in attorney’s fees and

$992.46 in litigation expenses as well as materials in support of the request. Defendant never

filed any arguments in opposition to the request.

 Then, on September 1, 2020, Plaintiff filed a motion for civil contempt against Defendant

based on Defendant’s failure to comply with the portion of the default judgment ordering

Defendant to search for and produce all records responsive to Plaintiff’s Sunshine Law request

within thirty days of the trial court’s July 31 default judgment.

6
 As previously indicated, Defendant’s motion to dismiss the amended petition was untimely filed on July 15, 2020
without an accompanying written motion for leave.

 7
 Defendant subsequently filed a motion to set aside the default judgment on the amended

petition. Defendant’s motion to set aside claimed there were so-called “procedural irregularities”

with the entry of the default judgment because, (1) the default judgment was allegedly based on

Plaintiff’s motion “to reconsider” his previous motion for default judgment filed on Plaintiff’s

initial petition; and (2) Defendant did not have any notice that any motion requesting a default

judgment on the amended petition would be heard at the July 28, 2020 hearing.

 Defendant’s motion to set aside the default judgment on the amended petition also

asserted Defendant had good cause for setting aside the default judgment; maintained Defendant

had a meritorious defense to Defendant’s amended petition; and contended Defendant brought

the motion to set aside in a timely fashion after the default judgment was entered. In support of

Defendant’s motion and Defendant’s claim that it had shown good cause for setting aside the

default judgment, Defendant filed, inter alia, an affidavit of Assistant Circuit Attorney Ms.

Blumenthal.7

E. The Trial Court’s Judgment Denying Defendant’s Motion to Set Aside the Default
 Judgment

 After a hearing, the trial court entered a judgment denying Defendant’s motion to set

aside the default judgment on the amended petition on November 30, 2020.8 The trial court

found “Defendant’s arguments d[id] not show a procedural deficiency in the [c]ourt[’s] grant[ ]

[of] [Plaintiff’s] oral [m]otion for [d]efault [j]udgment.” The trial court also determined

Defendant was not entitled to relief because it had not demonstrated good cause for failing to

7
 The specific averments in Ms. Blumenthal’s affidavit with respect to the issue of good cause will be discussed in
relevant part below in Section II.B.3. of this opinion.
8
 The trial court’s judgment also denied Plaintiff’s motion for civil contempt.

 8
timely respond to the amended petition.9 Additionally, the trial court’s judgment specifically

ordered that, inter alia:

 Defendant shall produce to Plaintiff . . . a list that identifies every document
 responsive to Plaintiff’s Sunshine Law [r]equest. The list should specify: (1) the
 type of record (email, long distance toll record, text message, calendar entry, etc.);
 (2) which member(s) of Defendant’s staff (including the Circuit Attorney, if
 applicable) participated in the communication; (3) the entity identified in Plaintiff’s
 Sunshine Law request with whom Defendant on members of Defendant’s staff
 communicated; (4) the date and time of the communication; and (5) the basis for
 any privilege that Defendant claims as justification for withholding or redacting the
 record[;] [and]

 . . . Defendant shall . . . produce to the [c]ourt . . . a copy of every document
 responsive to Plaintiff’s Sunshine Law [r]equest as well as a copy of the foregoing
 list. Thereafter, the [c]ourt will conduct an in camera review of the records and
 assess Defendant’s claims of privilege.

Defendant appeals.

 II. DISCUSSION

 Defendant raises a total of three points on appeal arguing the trial court improperly

entered the underlying default judgment on Plaintiff’s amended petition and that the trial court

erred in denying its motion to set aside the default judgment.

 In addition, Plaintiff has filed a motion for attorney’s fees on appeal, which has been

taken with the case.

A. Whether the Trial Court Improperly Entered the Underlying Default on Plaintiff’s
 Amended Petition
 Defendant’s first and second points on appeal claim the trial court improperly entered the

underlying default judgment on Plaintiff’s amended petition. For the reasons discussed below,

we disagree.

9
 The trial court’s specific findings on this issue will be discussed in relevant part below in Section II.B.3. of this
opinion.

 9
 1. General Law and Standard of Review

 Ordinarily, a party may not directly appeal a trial court’s entry of a default judgment.

General Credit Acceptance Co., LLC v. Reese, 375 S.W.3d 264, 265 (Mo. App. E.D. 2012).

“However, an appeal of a default judgment is appropriate where a party, as [Defendant] did here,

sought to have the default judgment set aside.” See id. The issue of whether a trial court had the

authority to enter a default judgment is a question of law that this Court reviews de novo. Id.

 A trial court has the authority to enter a default judgment for a plaintiff when a defendant

“has failed to plead or otherwise defend as provided by [Missouri Supreme Court] [R]ules.” See

Missouri Supreme Court Rule 74.05(b) (2020) (effective from December 31, 2006 to the

present)10 (providing in relevant part: “When a party against whom a judgment for affirmative

relief is sought has failed to plead or otherwise defend as provided by these rules, an

interlocutory order of default may be entered against that party. After entry of an interlocutory

order of default, a default judgment may be entered”). In other words, a trial court has the

authority to enter a default judgment for a plaintiff where a defendant has failed to file a timely

response to the plaintiff’s petition. See id.; Capital One Bank USA v. Khan, 359 S.W.3d 578,

580 (Mo. App. E.D. 2012) (“[a] default judgment occurs, and its entry is considered proper,

when a party has failed to answer a pleading or otherwise defend”); cf. Faris v. Dewitt, 947

S.W.2d 847, 851 (Mo. App. S.D. 1997) (a default judgment is improper where a defendant files a

timely response to a plaintiff’s petition).

 2. Analysis and Defendant’s Specific Arguments on Appeal

 In this case, the trial court had the authority to enter a default judgment on Plaintiff’s

amended petition because Defendant failed to file a timely response thereto. See id. The trial

10
 All further references to Rule 74.05 are to the version of the Rule effective from December 31, 2006 to the
present.

 10
court’s June 5, 2020 order required Defendant to file a responsive pleading to Plaintiff’s

amended petition “within thirty days of receipt.” It is undisputed Defendant received Plaintiff’s

amended petition on June 9, 2020, and therefore, was required to file a responsive pleading

thereto by July 9, 2020. Defendant did not file a timely responsive pleading to Plaintiff’s

amended petition; instead, the only responsive pleading filed by Plaintiff was a motion to dismiss

filed six days late on July 15, 2020.

 Despite Defendant’s admitted failure to filing a timely response to the amended petition,

Defendant argues on appeal that the trial court improperly entered the underlying default

judgment because, (a) the court erred in denying Defendant leave to file its motion to dismiss out

of time; (b) the court erred in denying Defendant leave to file its answer out of time; (c) the

court’s decision was erroneously based on Plaintiff’s motion “to reconsider” his previous motion

for default judgment filed on Plaintiff’s initial petition; and (d) the entry of default judgment was

made without proper notice under Rule 44.01(d).

 a. Defendant’s Argument that the Trial Court Erred in Denying
 Defendant Leave to File its Motion to Dismiss Out of Time
 We first address Defendant’s contention that the trial court improperly entered the

underlying default judgment because the court erred in denying Defendant leave to file its

motion to dismiss the amended petition out of time.

 Our Court will not consider an argument that was not presented to the trial court and

made for the first time on appeal. Jacoby v. Hamptons Community Association, Inc., 602 S.W.3d

869, 873 (Mo. App. E.D. 2020). “The foundation of this principle rests upon our firmly held

position that we will not convict a trial court of error for an issue not presented for its

determination.” Id. (citation and internal quotations omitted). Therefore, an argument not

presented to the trial court is waived for purposes of appellate review. Id.

 11
 In this case, the record shows Defendant never requested the trial court grant leave to file

its motion to dismiss the amended petition out of time. Defendant’s motion to dismiss the

amended petition was filed on July 15, 2020, the motion to dismiss was not accompanied by a

written motion for leave to file it out of time, and this Court’s review of the transcript of the July

28, 2020 hearing on Defendant’s oral motion for default judgment shows that Ms. Blumenthal

did not orally request leave to file Defendant’s motion to dismiss the amended petition out of

time. Because Defendant did not request the trial court grant leave to file its motion to dismiss

the amended petition out of time, Defendant’s argument on appeal that it was improperly denied

leave to file the motion to dismiss out of time was not preserved for appellate review, is waived,

and will not be considered by this Court. See id.

 b. Defendant’s Argument that the Trial Court Erred in Denying
 Defendant Leave to File its Answer Out of Time

 We next address Defendant’s claim that the trial court improperly entered the underlying

default judgment because the court erred in denying Defendant leave to file its answer to the

amended petition out of time. This argument was preserved for appellate review because at the

July 28, 2020 hearing, Ms. Blumenthal orally requested leave to file Defendant’s answer to the

amended petition out of time and the trial court denied the request. Cf. id.

 “[A] [trial] court generally has the authority to expand time periods for filing certain

pleadings.” Holmes v. Union Pacific Railroad Co., 617 S.W.3d 853, 859 (Mo. banc 2021).

Missouri Supreme Court Rule 44.01(b) (2020) (effective from December 31, 2006 to the

present)11 provides in relevant part:

 When by these rules or by a notice given thereunder or by order of court an act is
 required or allowed to be done at or within a specified time, the court for cause
 shown may at any time in its discretion (1) with or without motion or notice order

11
 All further references to Rule 44.01 are to the version of the Rule effective from December 31, 2006 to the
present.

 12
 the period enlarged if request therefor is made before the expiration of the period
 originally prescribed or as extended by a previous order or (2) upon notice and
 motion made after the expiration of the specified period permit the act to be done
 where the failure to act was the result of excusable neglect[.]

Rule 44.01(b) (emphasis added).

 Where, as in this case, there is no dispute a defendant failed to meet a trial court’s

deadline for filing a responsive pleading to an amended petition, a trial court has the authority to

allow a defendant leave to file such a pleading under Rule 44.01(b)(2) if: (1) the defendant

provides notice of the request for leave to file the responsive pleading out of time; (2) the

defendant makes a motion for leave to file the responsive pleading out of time; and (3) the

defendant demonstrates the failure to timely file the responsive pleading was the result of

excusable neglect (“the rule providing the trial court with the authority to grant leave to file a

pleading out of time” or “the rule”). See Rule 44.01(b)(2); Inman v. St. Paul Fire & Marine Ins.

Co., 347 S.W.3d 569, 576 (Mo. App. S.D. 2011) (“[n]otably, Rule 44.01(b) imposes notice and

motion requirements, as well as a showing of excusable neglect when the prescribed period has

already expired”) (citing Allison v. Tyson, 123 S.W.3d 196, 204-05 (Mo. App. W.D. 2003)).

 A trial court’s decision whether to grant or deny leave to file a responsive pleading out of

time is reviewed for an abuse of discretion. Jamestowne Homeowners Ass’n Trustees v. Jackson,

417 S.W.3d 348, 359 (Mo. App. E.D. 2013); see also Inman, 347 S.W.3d at 577 (similarly

holding). “An abuse of discretion occurs where the trial court’s ruling is clearly against the logic

of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the

sense of justice and indicates a lack of careful consideration.” Bangert v. Rees, 634 S.W.3d 658,

662 (Mo. App. E.D. 2021).

 In this case, because Ms. Blumenthal made an oral motion for leave to file Defendant’s

answer out of time at the July 28, 2020 hearing, Defendant met requirement number (2) of the

 13
rule providing the trial court with the authority to grant leave to file a pleading out of time.

However, Defendant failed to show requirement number (1) of the rule because it failed to

provide any notice to Plaintiff and the court of the request for leave to file the answer out of time.

See Rule 44.01(b)(2); Inman, 347 S.W.3d at 576; see also Allison, 123 S.W.3d at 204-05.

 Moreover, Defendant also failed to show requirement number (3) of the rule providing

the trial court with the authority to grant leave to file a pleading out of time, i.e., that the failure

to timely file the responsive pleading was the result of excusable neglect. See id. As recently

held by the Missouri Supreme Court:

 Excusable neglect is the failure to act not because of the party’s own carelessness,
 inattention, or willful disregard of the court’s process, but because of some
 unexpected or unavoidable hindrance or accident. Excusable neglect is an action
 attributable to mishap and not the result of indifference or deliberate disregard.
 Importantly, demonstrating excusable neglect is a higher burden than proving an
 action was not recklessly designed to impede the judicial process as required to
 show good cause [for setting aside a default judgment].

Holmes, 617 S.W.3d at 860 (internal citations and quotations omitted); see also Rule 74.05(d).

 In this case, the record before the trial court at the time the court denied Defendant’s oral

motion for leave to file the answer to the amended petition out of time showed the following:

Defendant failed to file a timely responsive pleading to Plaintiff’s initial petition; Defendant did

not file a responsive pleading (a motion to dismiss) to the initial petition until after midnight on

the day of the scheduled hearing on Plaintiff’s motion for default judgment on the initial petition

and seventy-seven days after a responsive pleading was due on Plaintiff’s initial petition;

Defendant did not notice for a hearing the motion to dismiss the initial petition or its motion for

leave to file the motion to dismiss out of time; although the trial court’s June 5, 2020 order

required Defendant to file a responsive pleading to Plaintiff’s amended petition “within thirty

days of receipt,” and it is undisputed Defendant received the amended petition on June 9, 2020,

 14
Defendant failed to file a timely responsive pleading to Plaintiff’s amended petition; when

Defendant finally filed a responsive pleading (a motion to dismiss) to the amended petition six

days after it was due, the filing only occurred after Plaintiff filed a motion for judgment on the

pleadings; Defendant’s motion to dismiss the amended petition was not accompanied by a

written motion for leave to file it out of time, Defendant did not notice the motion to dismiss for

a hearing, and Defendant did not request the trial court to rule on the motion to dismiss;

Defendant’s motion to dismiss the amended petition was substantively identical to the motion to

dismiss Defendant had previously and untimely filed in response to the initial petition; Ms.

Blumenthal did not claim Defendant’s failure to file a timely answer to the amended petition was

accidental or inadvertent, but instead stated she chose not to file an answer because she claimed

there were issues regarding the amended petition that she wanted to address before filing an

answer; and Ms. Blumenthal did not explain to the court why any alleged issues regarding the

amended petition could not have previously been addressed or raised to the trial court before the

responsive pleading was due.

 Based on this whole record, we hold the trial court did not err in finding Defendant’s

failure to file a timely response to Plaintiff’s amended petition was not the result of an

unexpected or unavoidable hindrance, accident, or mishap, but was instead the result of

Defendant’s carelessness, inattention, and deliberate disregard. See Holmes, 617 S.W.3d at 861

(similarly holding). In other words, the record supports a finding that Defendant failed to

demonstrate excusable neglect. See id. at 860-61.

 In sum, because Defendant failed to provide any notice to Plaintiff and the court of the

request for leave to file the answer out of time and because the record supports a finding that

Defendant failed to demonstrate excusable neglect, the trial court did not abuse its discretion in

 15
refusing to extend the deadline for Defendant to file a response to Plaintiff’s amended petition

out of time. See Rule 44.01(b)(2); Inman, 347 S.W.3d at 576-77; Allison, 123 S.W.3d at 204-05;

see also Bangert, 634 S.W.3d at 662; Jamestowne Homeowners Ass’n Trustees, 417 S.W.3d at

359.

 c. Defendant’s Argument that the Trial Court’s Decision was
 Erroneously Based on the Plaintiff’s Motion “to [R]econsider” His
 Previous Motion for Default Judgment Filed on the Initial Petition
 We next address Defendant’s assertion that the trial court improperly entered the

underlying default judgment because the court’s decision was erroneously based on Plaintiff’s

motion “to reconsider” his previous motion for default judgment filed on Plaintiff’s initial

petition. This argument has no merit because the record shows the trial court based its entry of

default judgment on the amended petition on Plaintiff’s oral motion for default judgment.

 The transcript of the July 28, 2020 hearing demonstrates Plaintiff made an oral motion

asserting he was entitled to a default judgment on the amended petition, and although Plaintiff

characterized his oral motion as a motion “to reconsider” his previous motion for default

judgment filed on Plaintiff’s initial petition, the trial court characterized Plaintiff’s oral motion

as, inter alia, an oral motion for default judgment on the amended petition. Defendant has failed

to cite to any controlling legal authority indicating a party cannot file an oral motion for default

judgment or indicating that a trial court is without the authority to construe a motion such as

Plaintiff’s in this case as an oral motion for default judgment. Moreover, we can find no such

legal authority, and instead hold that “[w]hile a written motion [for default judgment] is

preferred, an oral motion in open court is sufficient.” See Williams v. Zellers, 611 S.W.3d 357,

 16
363 (Mo. App. E.D. 2020) (similarly holding with respect to a motion to set aside an

interlocutory order of default).12

 Based on the foregoing, Plaintiff’s argument alleging the trial court’s entry of default

judgment was erroneously based on Plaintiff’s motion “to reconsider” his previous motion for

default judgment filed on Plaintiff’s initial petition has no merit.

 d. Defendant’s Argument that the Entry of Default Judgment was Made
 without Proper Notice to Defendant Under Rule 44.01(d)

 We next consider Defendant’s argument that the trial court improperly entered the

underlying default judgment without proper notice to Defendant under Rule 44.01(d). See Rule

44.01(d) (providing in relevant part that “[a] written motion, other than one which may be heard

ex parte, and notice of the hearing thereof shall be served not later than five days before the time

specified for the hearing, unless a different period is fixed by law or court rule or by order of the

court”) (emphasis added).

 Defendant’s reliance on Rule 44.01(d) is misplaced for two reasons. First, the plain

language of Rule 44.01(d) demonstrates it only applies to written motions, see id., and in this

case, Plaintiff’s motion for default judgment on the amended petition was an oral motion in open

court, which we previously held is sufficient.

 Second, and more importantly, the plain language of Missouri Supreme Court Rule

43.01(a) (2020) (effective from December 31, 2006 through the present)13 and Missouri case law

demonstrate that Rule 44.01(d) does not apply to a motion for default judgment based on a

party’s failure to file a timely responsive pleading. Rule 43.01(a), which discusses when service

12
 See also Chapman v. Commerce Bank of St. Louis, 896 S.W.2d 85, 87 (Mo. App. E.D. 1995) (similarly holding
with respect to a motion raising the issue of a court’s lack of personal jurisdiction due to ineffective service); King v.
Clifton, 648 S.W.2d 193, 196 (Mo. App. S.D. 1983) (similarly holding with respect to a motion for directed verdict).
13
 All further references to Rule 43.01 are to the version of the Rule effective from December 31, 2006 to the
present.

 17
of motions and notices is required, explicitly provides that “[n]o service need be made on parties

in default for failure to appear[.]” Rule 43.01(a). In other words, a plaintiff is not required to

provide notice of default proceedings to a party such as Defendant who is in default for failure to

timely file a responsive pleading. See id.; Irvin v. Palmer, 580 S.W.3d 15, 20-21 (Mo. App. E.D.

2019) (“in Missouri it is well settled that it is the failure to file a responsive pleading that causes

a party to be in ‘default for failure to appear’” under Rule 43.01); Agnello v. Walker, 306 S.W.3d

666, 670-71, 671 n.3 (Mo. App. W.D. 2010) (citing Rule 43.01(a) and Doe v. Hamilton, 202

S.W.3d 621, 624 (Mo. App. E.D. 2006) for the proposition that “[t]here [is] no requirement that

a party in default for failure to appear be provided notice of the filing of motions or written

notice of hearings”). A defendant in default for failure to file a responsive pleading does not

have the right to notice of default proceedings because “once a defendant is served, he is charged

with notice of all subsequent proceedings in the case.” Agnello, 306 S.W.3d at 670-71, 671 n.3

(citing Doe, 202 S.W.3d at 624).

 In sum, because Defendant did not have a right to notice of the default proceedings under

the Missouri Supreme Court Rules and Missouri case law, Defendant’s argument that the entry

of default judgment was made without proper notice to Defendant has no merit.

 3. Conclusion to Defendant’s First and Second Points on Appeal
 Based on the foregoing, the trial court did not improperly enter the underlying default

judgment on Plaintiff’s amended petition. Defendant’s first and second points on appeal are

denied.

 18
B. Whether the Trial Court Erred in Denying Defendant’s Motion to Set Aside the
 Default Judgment
 In Defendant’s third and final point on appeal, Defendant asserts the trial court erred in

denying Defendant’s motion to set aside the default judgment. For the reasons discussed below,

we disagree.

 1. Standard of Review, General Law, and the Issue in this Point on Appeal
 Our Court reviews a trial court’s ruling on a motion to set aside a default judgment for an

abuse of discretion. Irvin, 580 S.W.3d at 23. As previously stated, “[a]n abuse of discretion

occurs where the trial court’s ruling is clearly against the logic of the circumstances then before

the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a

lack of careful consideration.” Bangert, 634 S.W.3d at 662.

 While our Court affords a trial court broad discretion in granting a motion to set aside a

default judgment and only narrow discretion in denying such a motion, a party moving to set

aside a default judgment has the burden of proof to convince the trial court that it is entitled to

relief. Irvin, 580 S.W.3d at 23. “And, although the law favors a trial on the merits, such a

generalization must be carefully applied to the facts of each case in the interest of justice; for, the

law defends with equal vigor the integrity of the legal process and procedural rules and, thus,

does not sanction the disregard thereof.” Id. (citing, inter alia, Sprung v. Negwer Materials,

Inc., 775 S.W.2d 97, 100 (Mo. banc 1989)).

 In order for a moving party to set aside a default judgment under Rule 74.05(d), the party

must demonstrate, (1) a meritorious defense to the lawsuit; (2) good cause for failing to file a

timely responsive pleading; and (3) that the motion to set aside was filed within a reasonable

time not to exceed one year after the entry of the default judgment. Irvin, 580 S.W.3d at 23;

Rule 74.05(d). “However, a motion to set aside a default judgment does not prove itself and

 19
must be verified or supported by affidavits or sworn testimony produced at the hearing on the

motion.” Irvin, 580 S.W.3d at 23 (emphasis in original) (citation and internal quotations

omitted).

 In this case, it is undisputed for purposes of appeal that Defendant’s motion to set aside

the default judgment demonstrated a meritorious defense to the lawsuit and that its motion to set

aside was filed within a reasonable time not to exceed one year after the entry of the default

judgment on the amended petition. Accordingly, the only issue in this point on appeal is whether

the trial court erred in finding Defendant did not demonstrate good cause for failing to file a

timely responsive pleading to the amended petition. See Irvin, 580 S.W.3d at 23; Rule 74.05(d).

 2. Relevant Law and Standard of Review Pertaining to “Good Cause” Under
 Rule 74.05(d)

 Rule 74.05(d) defines “[g]ood cause” as “includ[ing] a mistake or conduct that is not

intentionally or recklessly designed to impede the judicial process.” Rule 74.05(d). Appellate

courts liberally interpret the phrase “good cause” “‘to include good-faith mistakes, and even

negligence, in failing to timely answer’ in order to ‘prevent a manifest injustice or to avoid a

threatened one.’” Vogel v. Schoenberg, 620 S.W.3d 106, 111 (Mo. App. W.D. 2021) (quoting

Hanlon v. Legends Hospitality, LLC, 568 S.W.3d 528, 532 (Mo. App. E.D. 2019) (citation

omitted)). Negligence in failing to timely file a responsive pleading “occurs if a party’s

inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from

adequately coping with a possible or probable future emergency.” Vogel, 620 S.W.3d at 112

(quoting Piva v. Piva, 610 S.W.3d 395, 401 (Mo. App. E.D. 2020) (citation omitted)).

 On the other hand, recklessness, which does not constitute good cause under Rule

74.05(d), “includes making a conscious choice of a course of action, either with knowledge of

the serious danger to others involved in it or with knowledge of the facts which would disclose

 20
the danger to a reasonable man.” Vogel, 620 S.W.3d at 111-12 (citations and internal quotations

omitted). “Intentional indifference, meaning that an individual does not care about the

consequences of his or her actions, can also constitute recklessness.” Vogel, 620 S.W.3d at 112

(citations and internal quotations omitted). “In other words, recklessness involves a deliberate

choice to risk the possibility of a default judgment.” Id.

 In reviewing a trial court’s determination of whether a party established good cause under

Rule 74.05(d), we review the evidence in the light most favorable to the trial court’s ruling, and

we only consider whether there was a sufficient factual basis for the trial court’s determination

under the totality of the circumstances. Piva, 610 S.W.3d at 400-01; Turner v. Gateway Bobcat

of Missouri Inc., 450 S.W.3d 444, 450 (Mo. App. W.D. 2014). Furthermore, “in deciding

whether good cause has been established, a trial court is free to ‘disbelieve statements made by a

moving party in its affidavits.’” Coble v. NCI Bldg. Systems, Inc., 378 S.W.3d 443, 449 (Mo.

App. W.D. 2012) (quoting Beckmann v. Miceli Homes, Inc., 45 S.W.3d 533, 542 (Mo. App. E.D.

2001)).

 3. Analysis of the Trial Court’s Decision

 In this case, the trial court determined Defendant had not demonstrated good cause for

failing to timely respond to the amended petition. Viewing the evidence in the light most

favorable to the trial court’s decision, there was a sufficient factual basis for the trial court’s

determination under the totality of the circumstances in this case. See Piva, 610 S.W.3d at 400-

01; Turner, 450 S.W.3d at 450.

 In Ms. Blumenthal’s affidavit filed in support of Defendant’s motion to set aside the

default judgment, she alleged she had prepared a motion to dismiss to the initial petition and it

was not timely filed because of a “clerical error”; she “investigated the source of the error and [ ]

 21
[was] unable to determine what occurred”; and she “note[d] that the coronavirus pandemic was

beginning . . . and many employees of [Defendant] were working remotely[.]” Because the

affidavit is vague, provides no detail concerning Ms. Blumenthal’s “investigat[ion],” and does

not allege or explain how employees working remotely would cause a court filing to be unable to

be timely made, the trial court could have reasonably been skeptical of Blumenthal’s affidavit.

See Coble, 378 S.W.3d at 449 (similarly finding). Furthermore, “[n]othing required the trial

court to believe the factual assertions in [Mrs. Blumenthal’s] affidavit[.]” See id.; see also

Beckmann, 45 S.W.3d at 542.

 Regarding Defendant’s failure to file a timely response to Plaintiff’s amended petition,

Ms. Blumenthal’s affidavit alleged she received a proposed order from Plaintiff’s counsel after

the June 5, 2020 hearing but did not receive notice from the court’s electronic filing system that

any order had been signed and filed; admitted she received the amended petition on June 9,

2020; stated she did not receive notice from the court’s electronic filing system that the amended

petition had been filed; averred she was aware she was not receiving notices of other filings in

the case in April and May of 2020; and stated she had filed Defendant’s motion to dismiss the

amended petition one or two days after she became aware on July 13 or 14 of 2020, through

social media and a subsequent review of Case.net, that Plaintiff had filed a motion for judgment

of the pleadings on his amended petition.

 The trial court’s judgment denying Defendant’s motion to set aside the default judgment

found Defendant failed to establish good cause for failing to file a timely response to the

amended petition because the trial court’s June 5, 2020 order required Defendant’s to file a

response “within thirty days of receipt”; because Ms. Blumenthal admitted she received a copy

of the amended petition on June 9, 2020; because the trial court’s June 5, 2020 order required a

 22
responsive pleading to be filed within thirty days of receipt and not within thirty days of filing,

even if Ms. Blumenthal did not receive notice from the electronic filing system of the amended

petition being filed, Defendant was still required to respond within thirty days of receiving the

amended petition on June 9, 2020; and because Ms. Blumenthal could and should have checked

Case.net on her own under the circumstances of this case, especially where Ms. Blumenthal’s

affidavit stated she was aware she was not receiving other notices in the case in April and May of

2020.

 Additionally, the trial court’s judgment found the record contradicted a finding of

mistake or inadvertence because at the July 28, 2020 hearing on Plaintiff’s oral motion for

default judgment, Ms. Blumenthal told the court she had prepared an answer to the amended

petition but chose not to file it because she claimed there were issues regarding the amended

petition that she wanted to address before filing an answer. The trial court’s judgment denying

Defendant’s motion to set aside the default judgment also found “Defendant consistently fail[ed]

to act in this case unless Plaintiff s[ought] relief.”

 Under these circumstances, which are supported by the record, the trial court could have

reasonably found the failure of Ms. Blumenthal (a licensed attorney responsible for defending

civil suits filed against Defendant under the Sunshine Law) to file a timely responsive pleading

to the amended petition was not an act of negligence but instead was a deliberate, conscious, and

reckless choice to risk the possibility of a default judgment. See Vogel, 620 S.W.3d at 111-12

(holding recklessness “includes making a conscious choice of a course of action, either with

knowledge of the serious danger to others involved in it or with knowledge of the facts which

would disclose the danger to a reasonable man” and “recklessness involves a deliberate choice to

risk the possibility of a default judgment”) (citations and internal quotations omitted); First

 23
Community Bank v. Hubbell Power Systems, Inc., 298 S.W.3d 534, 540-41 (Mo. App. S.D.

2009) (indicating a licensed attorney familiar with litigation practice knew or should have known

of the risk of the possibility of a default judgment if a timely responsive pleading was not filed).

Therefore, the trial court did not err in determining Defendant did not demonstrate good cause

for failing to timely respond to the amended petition. See id.; see also Rule 74.05(d).

 4. Conclusion as to Defendant’s Third Point on Appeal
 Based on the foregoing, the trial court did not abuse its discretion in denying Defendant’s

motion to set aside the default judgment. See Irvin, 580 S.W.3d at 23; Rule 74.05(d); see also

Bangert, 634 S.W.3d at 662. Defendant’s third point on appeal is denied.

C. Plaintiff’s Motion for Attorney’s Fees on Appeal

 We now turn to Plaintiff’s motion for attorney’s fees on appeal, which has been taken

with the case. Plaintiff’s motion seeks attorney’s fees pursuant to section 610.027.4 RSMo 2016

(effective from August 28, 2004 to the present)14 and this Court’s E.D. Rule 400.15

 Section 610.027.4 allows a plaintiff who has obtained a trial court judgment involving a

purposeful violation of the Sunshine Law to recover reasonable attorney’s fees that were

necessary to defend or otherwise enforce the judgment. See Chasnoff v. Mokwa, 466 S.W.3d

571, 584 (Mo. App. E.D. 2015) (similarly holding); section 610.027.4 (providing in relevant part

that “[i]f [a] court finds that there was a purposeful violation of [the Sunshine Law], then the

court shall order the payment by such body . . . reasonable attorney fees to any party successfully

establishing such a violation”); see also Strake v. Robinwood West Community Improvement

14
 All further references to section 610.027 are to the version of the statute effective from August 28, 2004 to the
present.
15
 This Court’s E.D. Rule 400 provides in relevant part: “Any party claiming an amount due for attorney’s fees on
appeal pursuant to contract, statute or otherwise and which this court has jurisdiction to consider, must do so before
submission of the cause.”

 24
District, 473 S.W.3d 642, 643 (Mo. banc 2015) (referring to chapter 610 of the Missouri Revised

Statutes as “the Sunshine Law”) (internal quotations omitted).

 In this case, the trial court’s default judgment found Defendant purposefully violated the

Sunshine Law. It was necessary for Plaintiff to defend this underlying judgment when

Defendant filed a motion to set it aside and appealed the trial court’s denial of that motion.

Accordingly, Plaintiff’s request for attorney’s fees is granted. See Chasnoff, 466 S.W.3d at 584;

see also section 610.027.4; Stark Liquidation Co. v. Florists’ Mut. Ins. Co., 243 S.W.3d 385, 402

(Mo. App. E.D. 2007) (“[r]efusing to compensate an attorney for the time reasonably spent on

appellate work defending the judgment below would be inconsistent with the intent of the

legislature, which provided for recovery of fees”) (citation omitted).

 Although our Court has the “authority to allow and fix the amount of attorney’s fees on

appeal, we exercise this power with caution, believing in most cases that the trial court is better

equipped to hear evidence and argument on this issue and determine the reasonableness of the

fee requested.” Stark Liquidation Co., 243 S.W.3d at 402 (citation omitted). Accordingly, we

grant Plaintiff’s motion for attorney’s fees on appeal and remand with directions to the trial court

to determine the appropriate amount of attorney’s fees on appeal to award Plaintiff and enter

judgment accordingly. See id. (similarly finding).

 III. CONCLUSION

 The trial court’s judgment denying Defendant’s motion to set aside the default judgment

on Plaintiff’s amended petition is affirmed, and Plaintiff’s motion for attorney’s fees on appeal is

granted. Additionally, we remand the cause for proceedings consistent with this opinion and the

following specific directions. On remand, and in accordance with the trial court’s judgment

denying Defendant’s motion to set aside the default judgment, (1) “Defendant shall produce to

 25
Plaintiff . . . a list that identifies every document responsive to Plaintiff’s Sunshine Law

[r]equest”; (2) “Defendant shall . . . produce to the [c]ourt . . . a copy of every document

responsive to Plaintiff’s Sunshine Law [r]equest as well as a copy of the foregoing list”; and (3)

“Thereafter, the [trial] [c]ourt [shall] conduct an in camera review of the records and assess

Defendant’s claims of privilege.” See footnote 2 and Section I.E. of this opinion. Additionally,

we direct the trial court on remand to determine the appropriate amount of attorney’s fees on

appeal to award Plaintiff and enter judgment accordingly.

 ROBERT M. CLAYTON III, Presiding Judge
Colleen Dolan, J., and
Thomas C. Clark, II, J., concur.

 26